**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MYRELLA S. FIORENTINO,<br><br>    Plaintiff,<br><br>    v.<br><br>RIO MAR ASSOCIATES, LP, SE, ET AL.,<br><br>    Defendants. | CIV. NO. 01-2653 (PG) |

**OPINION AND ORDER**

Before the Court are defendant Rio Mar Associates, L.P., S.E.'s (the "Hotel") Motion to Alter Judgment (Docket No. 312), plaintiff Myrella Fiorentino's Response (Docket No. 113), and the Hotel's Reply (Docket No. 316). For the reasons set forth below, the Court **GRANTS** the Hotel's request to alter the final judgment by applying a proportional setoff pursuant to the First Circuit Court of Appeal's opinion in Rio Mar Assocs., LP v. UHS of Puerto Rico, Inc., 522 F.3d 159 (1st Cir. 2008). The Court **GRANTS** Plaintiff's request to add post-judgment interest retroactively as of the date of the final judgment on August 26, 2005.

**I. BACKGROUND**

Pursuant to the First Circuit's opinion in Rio Mar, we held a trial on the cross-claim that the Hotel lodged against defendant UHS of Puerto Rico, Inc. (the "Hospital") to determine the defendants' proportional share of negligence and thus their proportional share of damages. The jury found that the Hotel was 30% at fault while the Hospital was 70% at fault. See Jury Verdict, Docket No. 309. The Hotel requests the Court to alter the final judgment entered on August 26, 2005 to reflect its proportional share

Civ. No. 01-2653(PG)                                                    Page 2

of damages consistent with the jury's verdict, thereby reducing the original $1,844,000.00 damages award to $553,200.00, or 30% of the original award.  Plaintiff agrees that the judgment must be amended as requested by the Hotel but also submits that the resulting sum must earn post-judgment interest under 28 U.S.C. §§ 1961 (a) and (b) at the annual rate of 3.54% commencing on August 26, 2005, the date of final judgment in the first trial, and until it is fully satisfied and paid.  The Hotel challenges this contention and argues that post-judgment interest should begin to run only from the date of the jury verdict on the cross-claim on April 24, 2009, when the defendants' proportional share of damages was determined by the jury.

## II. DISCUSSION

   28 U.S.C. §§ 1961 (a) and (b) provide as follows:

   (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. . . .

   (b) Interest shall be computed daily to the date of payment . . . and shall be compounded annually.

The natural reading of the statute's language is that Plaintiff is entitled to post-judgment interest even though interest was not mentioned in the District Court's judgment. See Cordero v. De Jesus-Mendez, 922 F.2d 11, 15 (1st Cir. 1990) (citing United States v. Michael Schiavone & Sons, Inc., 450 F.2d 875, 876 (1st Cir. 1971); Moore-McCormack Lines, Inc. v. Amirault, 202 F.2d 893, 895 (1st Cir. 1953)).  As for the date of accrual, post-judgment interest on the jury's award is calculated "from the date of the entry of the judgment."  28 U.S.C. § 1961(a).

Civ. No. 01-2653(PG)                                                    Page 3

Complications, and here, the parties' disagreement, arise when cases are appealed and we have to determine whether interest starts accruing as of (1) the first judgment, (2) modifications thereto, or (3) a subsequent judgment. "In general, where a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment." Cordero, 922 F.2d at 16. "Where an original judgment is upheld for the most part but modified on remand, post-judgment interest should accrue from the date of the first judgment." Id. at 17. In determining from which judgment, the first or the second, post-judgment interest should accrue, one should examine the "extent to which the case was reversed." Id. (quoting Northern Natural Gas Co. v. Hegler, 818 F.2d 730, 737 (10th Cir. 1987). In Northern Natural Gas, for example, the Court of Appeals held that interest ran from the date of the first judgment award because reversal was not on any "basic liability errors or errors in procedure which affected the basic issues but on a dollar value, a matter of degree." 818 F.2d at 737.

From a technical standpoint, the First Circuit in Rio Mar did not reverse or vacate the original jury award, which was founded upon a sufficient evidentiary and legal basis. The First Circuit only reversed the dismissal of the Hotel's cross-claim against the Hospital and vacated the denial of the Hotel's Rule 59(e) motion to alter or amend a judgment. See Rio Mar, 522 F.3d at 168. This the Court of Appeals did in order for us to entertain a trial on the cross-claim that would clarify the defendants' proportional share of responsibility for the original jury award, which could then allow the Hotel to possibly set off the amount of damages it owed in a subsequent Rule 59(e) motion, now the subject of our discussion. The First Circuit did not reverse the judgment entered on

Civ. No. 01-2653(PG)                                                    Page 4

August 26, 2005, but rather affirmed the judgment in part and only modified it in the sense that the Hotel could now motion for a reduction in the damages it owes. As stated by the First Circuit in the Cordero decision, when a judgment for money is affirmed, as it was here, interest "shall be payable from the date judgment was entered in the district court." 922 F.2d at 16.

Nonetheless, we consider the Hotel's arguments that the original jury award and final judgment pursuant to Rule 54(b) was not a "money judgment" within the meaning of 28 U.S.C. § 1961(a). The Hotel argues that the jury award and final judgment did not ascertain the damages owed by the Hotel in "any meaningful way" and that the trial on the cross-claim admitted substantial new evidence, which effectively "begat the nullification of 70% of the original verdict," requiring interest to start running as of the second trial's allocation of damages in its April 24, 2009 jury verdict. Under the rubric of Cordero and related caselaw, we still find that post-judgment interest would accrue as of the 2005 judgment because it established the defendants' liability and is only erroneous to the extent that it does not categorize the defendants' individual share of damages, a question of dollar value and a matter of degree.

We find our situation somewhat analogous to Cordero, where the First Circuit affirmed the accrual of interest as of the first judgment after remanding the damages award because the district court had incorrectly instructed the jury and the Court of Appeals suspected that the award may have been duplicative. 922 F.2d at 18. The First Circuit found that adequate evidence supported the award, upheld the initial liability determination, and stated that calculating interest from the date of the second judgment "would penalize appellees for the trial judge's error." Id. In issuing its verdict, the jurors in this case found more than adequate evidence of Plaintiff's injuries to support the $1,844,000.00

award, which the First Circuit never reversed or vacated.  It would thus be unfair to penalize Plaintiff for our error in interpreting the jury instructions as assuring that the Hotel's damages were exclusive of the Hospital's negligence when we dismissed the cross-claim between the defendants.  The 2005 jury award was ascertained in a meaningful way, as it was supported by the evidence of Plaintiff's injuries, and the final judgment still stands, as it was upheld by the First Circuit.  The only outstanding issue is what portion of the jury award the Hotel will have to pay for.

Although few if any cases dealing with post-judgment interest address the unique procedural posture of this case, we take guidance from Appeals Court decisions affirming the accrual of interest as of a first judgment subsequently modified with respect to the allocation of dollar amounts owed.  For example, in Tinsley v. Sea-Land Corp., 979 F.2d 1382 (9th Cir. 1992), the Ninth Circuit held that interest accrues as of the entry of the first judgment after ordering the district court to reduce the damages award in proportion to the plaintiff's comparative negligence.  979 F.2d at 1383.  The Ninth Circuit observed that the district court's determination of damages was not challenged as unsupported by the evidence or any other ground, and that it had remanded "solely to reduce the damage award already calculated according to the percentage of [the plaintiff's] fault." Id.  Similarly, in our case, the Hotel never challenged the determination of damages as unsupported by the evidence and the Court of Appeals only remanded to resolve the proportional shares of damages owed among defendants via a trial on the cross-claim.  For other analogous Appeals Court cases, see, e.g., Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 99-100 (3rd Cir. 1993) ("[T]he caselaw is clear that when the essential legal and evidentiary basis for damages is established, but the amount is recalculated after appeal, post-judgment interest accrues from

Civ. No. 01-2653(PG)                                                    Page 6

the entry of the first judgment."); Dunn v. HOVIC, 13 F.3d 58, 61 (3rd Cir. 1993) ("We see no reason why [the plaintiff] should be so disadvantaged in the calculation of interest because the jury overestimated his damages.").

### III. CONCLUSION

For the foregoing reasons, we hereby **GRANT** defendant Rio Mar Associates, L.P., S.E.'s Motion to Alter Judgment (Docket No. 312), reducing its damages owed to $553,200.00. We **GRANT** plaintiff Myrella Fiorentino's request to apply post-judgment interest (Docket No. 313) on the $553,200.00 as of the date of this Court's final judgment on August 26, 2005, pursuant to the variable rate formula dictated by 28 U.S.C. § 1961. We hereby order defendant Rio Mar Associates, L.P., S.E., to disburse the $553,000 plus interest to plaintiff Myrella Fiorentino.  An Amended Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 30, 2009.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE